United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20399
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO ALBARENGA-VILLALOBO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-467-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Alfredo Albarenga-
Villalobo (Albarenga).  United States v. Albarenga-Villalobo, No.
04-20399 (5th Cir. Dec. 17, 2004) (unpublished).  The Supreme
Court vacated and remanded for further consideration in light of
United States v. Booker, 125 S. Ct. 738 (2005).

Albarenga pleaded guilty to illegal re-entry by a previously
deported alien.  The district court sentenced Albarenga to 58

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment and three years of supervised release.
In his original appeal, Albarenga argued that the "felony" and
"aggravated felony" provisions of § 1326(b) are unconstitutional
in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).
Albarenga also argued that, if Almendarez-Torres v. United
States, 523 U.S. 224 (1998), were overruled and given the Supreme
Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004),
his sentencing enhancement on the basis of prior convictions
would be unconstitutional.  At the time, Albarenga acknowledged
that his arguments were foreclosed, but he raised them to
preserve possible Supreme Court review.  We affirmed.

Because the question whether the sentence was imposed
legally in light of the rule in Booker has been asserted for the
first time on appeal, our review is for plain error, at most.
See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33
(5th Cir. 2005), petition for cert. filed (July 25, 2005) (No.
05-5556); United States v. Mares, 402 F.3d 511, 520 (5th Cir.
2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).
In United States v. Taylor, 409 F.3d 675, 677 (5th Cir. 2005), we
held that because a defendant had not demonstrated plain error,
"it is obvious that the much more demanding standard for
extraordinary circumstances warranting review of an issue raised
for the first time in a petition for certiorari, cannot be
satisfied."  It is not necessary to determine when Albarenga

first raised the Booker issue because, as will be shown below, he has not demonstrated plain error.

After Booker, "[i]t is clear that application of the Guidelines in their mandatory form constitutes error that is plain." Valenzuela-Quevedo, 407 F.3d at 733. Albarenga argues that the error affected his substantial rights because it was structural or because prejudice should otherwise be presumed. Albarenga concedes that these arguments are foreclosed. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

To satisfy the plain-error test in light of Booker, Albarenga must demonstrate that his substantial rights were affected by the error. United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). Albarenga admits that he cannot make a particularized showing of an effect on his substantial rights or that the record indicates in any way that the district court would have imposed a lower sentence under an advisory sentencing scheme. Accordingly, there is no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime. See Mares, 402 F.3d at 522.

We conclude that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We reinstate our judgment affirming Albarenga's conviction and sentence.

AFFIRMED.